UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAO AZEVEDO )
AMANDA AZEVEDO )
Plaintiffs )
)
v. ) CASE NO.: 3:08CV1075 - SRU
)
DANBURY INSURANCE COMPANY )
Defendants )

## PLAINTIFF AMERICA'S SERVICING COMPANY'S COMPLAINT

### FIRST COUNT (BREACH OF CONTRACT):

1. Defendant Danbury Insurance Company's Motion To Join Parties as Plaintiff was granted by Order of the Court, *Underhill, S.*, dated October 17, 2008. America's Servicing Company, a Division of Wells Fargo (hereafter "ASC"), hereby files the present Complaint for breach of contract.

2. At all times herein mentioned, the defendant, Danbury Insurance Company (hereinafter "the defendant"), was a corporation duly licensed to transact insurance business in the State of Connecticut and to issue the policy of insurance referred to herein.

3. For consideration paid, the defendant issued an insurance policy, number DH 0660215 (hereafter the "Policy"), concerning real property and a residence located thereon known as 62 Hunter Ridge Road in Monroe, Connecticut.

4. In part, the Policy provides at Page 16 as follows:

> 14. Mortgage Clause
>
> The word "mortgagee" includes trustee.
>
> a. If a mortgagee is named on the Declarations, a loss payable under Coverage A or B will be paid to the mortgagee and **you**, as interests appear. If more than one mortgagee is named, the

order of payment will be the same as the order of precedence of the mortgages.

If **we** deny **your** claim, that denial does not apply to a valid claim of the mortgagee, if the mortgagee has:

1) notified **us** of change in ownership, occupancy or substantial change in risk of which the mortgagee became aware;
2) paid the premium due under this policy on demand if an **insured** neglected to pay the premium; and
3) submitted a signed, sworn proof of loss within 60 days after receiving notice from **us** if an **insured** has failed to do so.

All **terms** of this policy apply to the mortgagee unless changed by this clause.

b. If **we** cancel this policy, **we** will notify the mortgagee at least 10 days before the date cancellation takes effect.

c. If **we** pay the mortgagee for a loss and deny payment to you:

1) **we** are subrogated, up to the amount **we** paid for the loss, to all the rights of the mortgagee granted under the mortgage on the property; or
2) at **our** option, **we** may pay to the mortgagee the whole principal on the mortgage plus the accrued interest. In this event, **we** shall receive full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

5. At all times mentioned herein, and pursuant to the declarations page in the Policy, ASC, Its Successors And/Or Assigns As Their Interests May Appear, was a listed and insured mortgagee under the terms of the Policy. Presently, ASC, Its Successors And/Or Assigns As Their Interests May Appear, is the holder of interest for all mortgage loans referenced on the declarations page in the Policy and is entitled to recoup monies as the same.

6. Pursuant to the Policy, the defendant was obligated to pay ASC, as a mortgagee, for any loss specified under the Policy.

2

7. On or about January 28, 2008, when the above referenced policy was in full force and effect, the residence and its contents were completely destroyed by fire, which constituted a loss under the Policy payable to ASC.

8. Following the loss, ASC made timely demand upon the defendant for payment under the Policy. To date, the defendant has failed and/or refused to make payment under the Policy and therefore is in breach.

9. ASC, Its Successors And/Or Assigns As Their Interests May Appear, is entitled to damages due to the defendant's breach of the Policy agreement.

10. The claimed damages are in excess of $75,000.

WHEREFORE, the plaintiff claims:

1. Compensatory damages;

2. Such other relief as the court deems equitable and fair.

Dated: February 26, 2010

PLAINTIFF, AMERICA'S
SERVICING COMPANY

Marc S. Edrich (ct04612)
LITCHFIELD CAVO LLP
40 Tower Lane, Suite 200
Avon, CT 06001
T: (860) 255-5577
F: (860) 255-5566
E-mail: edrich@litchfieldcavo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 26, 2010,** a copy of foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of the filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access their filing through the Court's CM/ECF System.

                                                Marc S. Edrich (ct04612)